JAMES T. TAYLOR *v.* CITY AND COUNTY OF HONOLULU, BY WILLIAM H. HEEN, CITY AND COUNTY ATTORNEY, AND D. L. CONKLING, CITY AND COUNTY TREASURER.

## No. 1290.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

SUBMITTED OCTOBER 25, 1920.        DECIDED OCTOBER 27, 1920.

### COKE, C. J., KEMP AND EDINGS, JJ.

PENALTIES—*frontage tax.*

> Where one is called upon to pay a street assessment under the frontage tax laws, which he believes to be illegal, he has two courses open to him. He may resist payment at the hazard of all penalties in case the decision shall be against him, or he may pay the assessment under protest and then in case of a decision in his favor demand the return of his money.

SAME—*same—injunction.*

> The fact that the property holder in good faith sues out a temporary injunction restraining the City and County from collecting the assessment does not suspend the operation of the statute which levies a penalty of one per cent. per month for the period of default.

### OPINION OF THE JUSTICES BY COKE, C. J.

This controversy comes here on an original submission. The agreed facts may be summarized as follows: James T. Taylor is the owner of several lots of land in the vicinity of Laimi, Park and Puiwa roads, Nuuanu Valley, City of Honolulu. Prior to March, 1918, the City and County of Honolulu constructed a concrete street along the Taylor property under and by virtue of the provisions of chapter 112 R. L. 1915, as amended,

known as the Frontage Tax Law. An assessment was levied pursuant to the provisions of said law against the several lots owned by Taylor amounting in all to $5739.19. Conformably to the statute the treasurer of the City and County of Honolulu notified Taylor of the amount of the assessment and of the fact that the same would become due on March 7, 1918, and that within thirty days after said date he must either pay the total sum of the assessment or elect to pay the same in instalments of ten per cent., and that in case he elected to pay in instalments the first instalment must be paid within the specified time and that if he did not pay either the whole amount or the instalments as they became due the said treasurer would declare the said assessment delinquent and would proceed to collect the same in the manner prescribed by law. On the 1st day of April, 1918, Taylor instituted a suit in equity in the first judicial circuit against the City and County of Honolulu and caused a temporary injunction to issue restraining the City and County from collecting the assessment or any part thereof. Thereafter the cause reached the supreme court on appeal, where it was held in an opinion rendered on the 23d day of July, 1919, that the bill of complaint filed by Taylor did not allege sufficient facts to warrant the intervention of a court of equity and the injunction was therefore dissolved. In November, 1919, Taylor paid to the City and County of Honolulu the first and second instalments due upon his property together with interest on the total amount due at the rate of six per cent. per annum and at the same time deposited the further sum of $545.01, the latter amount being the total amount of penalty which will be due from him to the City and County of Honolulu in case this court should decide that he is liable therefor. Hence this controversy is in respect to the $545.01 which Taylor claims he should not be required to pay and

which the City and County on the other hand contends must be paid by him under the provisions of the statutes.

Sections 1804, and 1805 R. L. 1915 as amended, read as follows:

"Sec. 1804. Instalments payable when. In case of an election to pay any assessment in instalments, such assessments shall be payable in not less than five nor more than ten equal annual instalments of principal with interest, in all cases, on the unpaid principal, payable annually at a rate not exceeding six per cent. per annum. The number of instalments and period of payment and the rate of interest shall be as determined by the supervisors."

"Sec. 1805 (as amended by Act 239 S. L. 1917). Effect of failure to pay instalment. Failure to pay any instalment, whether of principal or interest, when due, shall cause the whole of the unpaid principal to become due and payable immediately and the whole amount of unpaid principal and accrued interest shall thereafter draw interest at the rate of one per centum per month or fraction of a month until the day of sale as hereinafter provided; but at any time prior to the day of sale the owner may pay the amount of all delinquent instalments with interest on the whole amount of the unpaid assessment at one per centum per month or fraction of a month, as aforesaid, and all penalties accrued, and shall thereupon be restored to the right thereafter to pay in instalments in the same manner as if default had not been made. The owner of any land assessed, not in default as to any instalment or payment, may at any time after the expiration of the first thirty-day period pay the entire unpaid principal with interest thereon to the next subsequent annual date for the payment of instalments."

Mr. Taylor contends that under the provisions of these two sections as above set forth no penalty for failure to pay assessments when due accrued against him owing to the pendency of the injunction proceedings and that upon the dissolution of the injunction and upon

payment of all the unpaid instalments with interest at six per cent. per annum on the whole amount of the unpaid assessment he is entitled to be restored to the right thereafter to pay the assessment in the instalments provided by law. The City and County of Honolulu contends that the only manner in which Taylor may be restored to the right to pay his assessment in instalments is by paying the amount of all unpaid instalments with interest on the whole amount of the unpaid assessment at the rate of one per cent. per month in accordance with section 1805.

Counsel for Mr. Taylor while conceding that his client is liable for interest at the rate of six per cent. per annum after the assessment fell due and until it was paid submits that the injunction proceeding instituted by him in good faith maintained the *status quo* between the parties while the injunction was in force and that the dissolution of the injunction restored the parties to their former status and placed them in the identical position in which they stood at the date the injunction proceedings were instituted. Ordinarily where an injunction is improperly obtained the party who causes the same to be issued is liable in damages for the actual, natural and proximate result of the wrong committed. In the present instance the damages are liquidated by the statute and are fixed at one per cent. per month for the period of default. The fact that Mr. Taylor acted in good faith in seeking the injunctive relief we think places him in no better position than had he in good faith refused to pay the assessment without having recourse to the courts. The provisions of section 1805 are explicit and provide for the penalty of one per cent. per month in the event of nonpayment without regard to the reasons, meritorious or otherwise, which may have caused the party to incur the default. The course open to Mr. Taylor in the first

instance was we think identical with that which he has pursued in this proceeding, that is to say, he should have paid under protest the amount of taxes which became due from him during the pendency of the injunction suit and in case that proceeding resulted favorably to him demanded a return of the money which he was wrongfully required to pay. By failure to do so he assumed the hazard of all penalties in case the decision was adverse to him. This rule has the sanction of the courts and is succinctly expressed by the supreme court of Indiana in the following language: "In the event that one is called upon to pay a tax which he believes to be illegal he has two courses open to him. He may resist payment at the hazard of all penalties in case the decision shall be against him; or he may pay the tax under protest, and then, in case of the decision in his favor, demand the return of his money." *Western Union Telegraph Co.* v. *The State,* 146 Ind. 54, 63. See also *Power* v. *City of Detroit,* 139 Mich. 30; *C. R. & M. R. Co. and I. R. L. Co.* v. *Carroll County,* 41 Ia. 153. In the Iowa case last cited the court said: "It is urged that the penalties are onerous, inequitable and oppressive; that they have accrued while plaintiffs were in good faith contesting the rights of defendant to enforce them and that the questions of law involved were doubtful and justified the plaintiffs in resisting the payment of the taxes. That plaintiffs will suffer a hardship in the payment of these heavy penalties is very apparent; that the questions involved in the cause were doubtful, and the litigation has been prosecuted in good faith may be conceded, but these things give us no authority to annul the statute and remit a penalty explicitly provided for, and in which defendant has a vested right. The delay incident to the progress of this cause, especially in this court, has been great, and plaintiffs have been subject thereby to suffer

from the enormous increase of the penalties. This is no ground for relief; it is an incident of litigation, the risk of which parties are required to assume. None of these considerations will authorize us, without law or prece-dent, to abate any part of the sum to which defendant is entitled under the law. With the hardships of the law or with those resulting fortuitous circumstances connected with its administration we have nothing to do. When the rule is admitted that equity will not relieve against penalties imposed by statute arguments based upon hardships furnish us no avenue of escape from its operation. The relief asked for upon the application under consideration is refused."

In the case under consideration there was no unusual delay either in this court or in the court below nor are the penalties onerous or oppressive. The proceedings in equity were heard and finally determined with expedition and the penalty, including interest and all other charges, is one per cent. per month on the total amount of the assessment for approximately ten months.

Our conclusion is that the City and County of Honolulu is entitled to have and recover from Taylor the amount here in dispute, to wit, the sum of $545.01.

*W. W. Thayer* for plaintiff.

*W. H. Heen,* City and County Attorney, and *R. A. Vitousek,* First Deputy City and County Attorney, for defendants.